U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 JUN 21 PM 2: 44

CLERK

BY LAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA )
)
v. ) Case No. 5:12-cr-78
)
BENJAMIN H. WEISINGER )

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 117 & 132)

This matter came before the court for a review of the Magistrate Judge's December 7, 2016 Report and Recommendation ("R & R") (Doc. 132), wherein he recommended that the court deny the 28 U.S.C. § 2255 motion filed by Defendant Benjamin H. Weisinger. Defendant seeks a reduction of his below-Guidelines sentence of 216 months imprisonment based on his claim of ineffective assistance of counsel before and during his jury trial in violation of the Sixth Amendment. (Doc. 117.) The government opposes the motion. On August 29, 2016, Defendant's trial attorney, Assistant Public Defender David L. McColgin, filed an affidavit addressing the arguments Defendant raised in his § 2255 motion.

On January 3, 2017, Defendant objected to the R & R's conclusion that he failed to establish that Attorney McColgin's representation was ineffective. Rearguing the same issues raised in his § 2255 motion, he contends that Attorney McColgin: (1) subpoenaed the incorrect timesheets; (2) failed to recall a witness so that additional impeachment evidence could be presented; (3) erroneously failed to object to expert witness testimony; (4) improperly withheld evidence during the trial; and (5) refused to present certain evidence at trial, thereby "discouraging" Defendant from testifying in his own defense. (Doc. 133 at 3.)

Defendant is self-represented. The government is represented by Assistant United States Attorney Paul J. Van de Graaf and Assistant United States Attorney Wendy L. Fuller.

I.   **Factual and Procedural Background.**

Defendant was charged in a Second Superseding Indictment with one count of producing child pornography, two counts of receiving child pornography, and one count of possessing child pornography. On April 5, 2013, a jury in the District of Vermont found Defendant guilty on all counts. The jury's verdict reflected the evidence at trial that Defendant induced the minor victim to make a video of herself engaging in sexually explicit conduct and send it to him. The video was contained in an electronic file, and the victim testified that she had recorded the video and sent it electronically to Defendant's email address pursuant to his instructions. Forensic evidence corroborated the minor victim's testimony.

Attorney McColgin filed a post-verdict motion for acquittal of judgment on all four counts. On June 25, 2013, the court granted his motion in part and vacated Count Four of the Second Superseding Indictment on the basis that possession of child pornography is a lesser included offense of receipt of child pornography where, as here, the offenses are based upon the same image and the same date range.

On September 3, 2013, the court held a sentencing hearing during which Attorney McColgin successfully argued that the use-of-computer enhancement under U.S.S.G. § 2G2.1(b)(6)(B)(i) was not warranted. Defendant's advisory Guidelines sentencing range was thus 235-293 months. The court sentenced Defendant to a below-Guidelines term of imprisonment of 216 months for each count of the Second Superseding Indictment to run concurrently, followed by a term of supervised release of ten years.

Approximately two weeks after sentencing, Attorney McColgin filed a notice of appeal, alleging the court committed several errors before and during trial. The Second Circuit rejected all of Defendant's appellate issues and affirmed the court's judgment.

II.  **Conclusions of Law and Analysis.**

  A.  **Standard of Review.**

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir.

1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

To successfully allege ineffective assistance of counsel, Defendant must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show (1) that counsel's performance was so deficient that "the identified acts or omissions were outside the wide range of professionally competent assistance[,]" and (2) that the deficient performance so prejudiced his defense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 690, 694. "The [ineffective-assistance-of-counsel] claim must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011).

### B. Defendant's 2010 Timesheets.

According to Defendant, Attorney McColgin should have obtained timesheets from his employment in 2010 because that evidence would have impeached the victim and exonerated him. Both Attorney McColgin and the government contend that timesheets obtained from Defendant's employer from October of 2011 did not establish that Defendant was at work when the video was created and sent to Defendant's email address.

As charged in the Second Superseding Indictment, the time period of Defendant's conduct was "[i]n or about October 2011[.]" (Doc. 54 at 1.) Timesheets from the year before the charged conduct were not relevant to the offenses described in the Second Superseding Indictment, and Defendant does not demonstrate how the 2010 timesheets would have impacted the jury's verdict about his 2011 conduct. Attorney McColgin therefore reasonably opted not to subpoena those documents or seek to introduce them at

3

trial. *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) ("the failure to make a meritless argument does not rise to the level of ineffective assistance").

With respect to the timesheets from October of 2011, Attorney McColgin also reasonably concluded that their admission would have bolstered the government's case because they did not establish that Defendant was at work when the video was sent to his account. There is thus no merit to Defendant's claim that Attorney McColgin's conduct with respect to his timesheets was deficient.

As the Supreme Court explained in *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* "Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Id.* Here, that standard was satisfied.

### C. Recall of a Witness.

Defendant next asserts that Attorney McColgin's representation was ineffective because he failed to recall a government witness for the purpose of impeaching the witness with timestamped evidence. Defendant contends this evidence would have shown that Defendant was at work at the time the email containing the video was deleted. However, the government's evidence established that Defendant used his smartphone to access the email with the video attachment, downloaded the video, and later deleted the video. In his objection, Defendant appears to claim that he did not have a smartphone during the relevant time period.

"Courts applying *Strickland* are especially deferential to defense attorneys' decisions concerning which witnesses to put before the jury." *Greiner v. Wells*, 417 F.3d 305, 323 (2d Cir. 2005). Attorney McColgin reasonably predicted that recalling a witness to rebut the government's evidence that Defendant deleted the video would not have supported Defendant's defense because evidence of Defendant's possession and use of a smartphone was not contradicted at trial. Indeed, the smartphone was taken from

4

Defendant upon his arrest. *See* Doc. 25 at 14-15 (finding Defendant possessed a cellphone and consented to its search by law enforcement officers); *see also Greiner*, 417 F.3d at 323 (observing that the court's "deference is particularly apt where, as here, an attorney decides not to call an unfriendly witness to the stand and has precious little means of determining how the witness might testify"). Defendant thus fails to establish that Attorney McColgin's decision not to recall the government witness was unreasonable or that he suffered prejudice as a result of that decision. *See Strickland*, 466 U.S. at 691 (applying "a heavy measure of deference to counsel's judgments").

### D. Expert Witness Testimony.

With regard to testimony given at trial by Seven Networks custodian of records Robert Riggins, Defendant argues that Attorney McColgin should have objected to his "[e]xpert [w]itness" testimony that the video had to be manually downloaded. (Doc. 133 at 2.) In his affidavit, Attorney McColgin explained that Seven Networks "provides the connection between customers and their email accounts through their smart[]phones[,]" and that Mr. Riggins "properly explained what the records reflected." (Doc. 127 at 2, ¶ 7.)

Mr. Riggins permissibly testified as a fact witness and a records custodian based on his personal knowledge of his company's processes and authentication of its records pursuant to Fed. R. Evid. 901 and 803(6). Attorney McColgin's trial strategy with respect to this witness was within the range of reasonable, competent assistance and is not grounds for a finding of prejudice. *See United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987) ("[d]ecisions whether to engage in cross-examination, and if so to what extent and in what manner, are similarly strategic in nature" and "fall squarely within the ambit of trial strategy, and, if reasonably made, will not constitute a basis for an ineffective assistance claim").

### E. Withholding Evidence at Trial.

Defendant contends that Attorney McColgin rendered ineffective assistance because he withheld evidence that Defendant alleges would have established that the victim's mother opened the video in November of 2011. He further argues that Attorney

5

McColgin withheld timestamped evidence showing that incest stories were opened on his laptop for the purpose of imbedding file titles onto the hard drive.

Defendant's argument as to the import of the victim's mother opening the video fails to establish ineffective assistance where the government's evidence showed the victim recorded the video of herself at Defendant's direction. It is unclear how the failure to elicit evidence of the victim's mother's alleged conduct prejudiced Defendant because even if established, it would not rebut the minor victim's claims. *See United States v. Salameh*, 54 F. Supp. 2d 236, 263 (S.D.N.Y. 1999) (denying defendant's claims for ineffective assistance of counsel where defendant "failed to demonstrate that his trial counsel's [conduct] prejudiced him in any way").

Attorney McColgin reasonably chose not to introduce the timestamped evidence regarding the incest stories. Contrary to Defendant's assertions, this evidence could have been deemed incriminating, not exculpatory, for Defendant's case. Attorney McColgin's purported withholding of evidence was therefore within the range of reasonableness. *See Kwok v. United States*, 2003 WL 22697805, at *3 (E.D.N.Y. Nov. 7, 2003) ("Defense [c]ounsel need not elicit testimony regarding every detail of the [offense] in order to counter the government's claims about [defendant's] role in the crime").

### F. Defendant's Decision Not to Testify.

Defendant's final argument is that Attorney McColgin discouraged Defendant from testifying by refusing to introduce certain evidence at the trial and by not adequately preparing Defendant to testify. Attorney McColgin avers that he directed Assistant Public Defender Barclay T. Johnson to do a preparatory cross-examination of Defendant, and that following that exercise, he advised Defendant not testify due to the "likely areas of damaging cross-examination he would face[.]" (Doc. 127 at 3.) The court addressed Defendant on the record and advised him that it was his decision whether or not to testify. To the extent Defendant argues that Attorney McColgin refused to elicit testimony or submit evidence in order to discourage Defendant's testimony, Defendant fails to specify the evidence or testimony that was omitted.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 132), DENIES Defendant's motion to vacate, set aside, or correct his sentence, and DISMISSES his § 2255 motion (Doc. 117).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of June, 2017.

Christina Reiss, Chief Judge
United States District Court